Roane J.
The only doubt- which I have had respecting this case was, whether the District Court did right in affirming the last judgment of the County Court? It occurred to me upon the first impression of the case, that the County Court, having once decided the question finally, even the consent of parties could not give them jurisdiction to rehear and redetermine it at a subsequent term. But upon further reflection I am satisfied, that if the first judgment of the Court was wrong, we may correct it, and now give the judgment which ought then to have been given. That there is error in it, there can exist no doubt; the writ was made returnable to the October, instead of the May Court, as it ought to have been, and the offer to surrender was prior to the return day improperly named in the writ. I think the proceedings ought to be reversed, and the first judgment of the County Court corrected.
Carrington J. — I discover no objection to the last judgment of the County Court.
It was a renewed motion; brought on and reheard by consent of parties, and it is every day’s practice to reinstate suits, which have been dismissed, or tried, with the consent of parties, and thus to give jurisdiction to the Court to rehear and determine them. The return day of the second scire facias, as stated in the *275 writ, was proper, or it was not; if the former, then the surrender was made before the return day, and consequently in good time; if the latter, then the Court should have quashed it, in which case also the bail was in time: so that either way the first judgment was erroneous.
The objection as to jurisdiction goes only to original jurisdiction ; such, as for a Court of Chancery to try a cause for assault and battery, or the like. But in this case, the Court had complete cognisance of the subject matter, and might properly rehear the motion which was brought before them.
The Judges were formerly very strict respecting the privilege of the special bail to discharge himself after a return of non est inventus, upon the capias against the principal. The recognisance in strictness became forfeited by this return, and the plaintiff was, and still is, at liberty to proceed immediately against the bail.
At first the bail was allowed to discharge himself by bringing in the body before, or upon, the return day of the first scire facias: afterwards greater liberality prevailed, and the indulgence was extended to the return day of the second writ.
In this case the motion to surrender the principal was made before the return day of the second scire Jadas, and though overruled upon the first attempt, no objection could exist against the repetition of it at a subsequent day. The s.cire facias, being made returnable to an improper Court, is merely void; and though it could not be amended, it ought to have been quashed. But being void, the bail had a right to take advantage of it, and deliver up the body of the principal. I am for affirming the judgment.
The President. — It is apparent that the County Court acted in the first instance under a mistake, supposing the scire facias to have been returnable to May Court, as it ought to have been, instead of October. If this had really been the case, their judgment would have been proper. Afterwards, the defect in the writ *276 was discovered, and to prevent a writ of error, the, to rehear the motion was probably accorded,
It is very true, that consent of parties cannot give jurisdiction, where the Court has it not. But this principle is only applicable to a case of original jurisdiction. I think the judgment of the District Court right, and that it should be affirmed.
Judgment affirmed.